**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JEAN GREEN, | Civil Action No. 10-1469 (MLC) |
| Plaintiff, |  |
| v. | **O P I N I O N** |
| INSERVCO INSURANCE SERVICES, INC., et al., |  |
| Defendants. |  |

**APPEARANCES:**

Jean Green, Pro Se
777 E. State Street, Trenton, NJ 08609

**COOPER, District Judge**

Plaintiff, Jean Green, was confined at the Mercer County Correctional Facility when he submitted this civil complaint alleging violations of his constitutional rights, and seeking damages pursuant to 42 U.S.C. § 1983. Plaintiff has not paid the filing fee, and seeks to proceed in forma pauperis. Based on Plaintiff's affidavit of indigence, this Court will grant his request.

The Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). For the following reasons, the complaint will be dismissed.

**BACKGROUND**

Plaintiff states that on December 16, 2008, he slipped and fell while holding a cup of boiling water and was injured with a first-degree burn on his leg, due to the floor being wet after clean up.  Plaintiff alleges that defendant Warden Charles Ellis "failed to provide emergency warning signs, markings or other devices necessary to warn of dangerous condition[s] on [the] housing unit".  Defendant Inservco Insurance Services, Inc., is named for failing to thoroughly investigate as the third-party claims administrator.  (Statement of Claims, ¶ 6).  Plaintiff asks for monetary relief.

**DISCUSSION**

**A.   Standard of Review**

A district court must review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because Plaintiff is a prisoner and is proceeding as an indigent.

The Court, in determining the sufficiency of a pro se complaint, must construe it liberally in the plaintiff's favor.

See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  But the Court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions".  Id.

The standard for summary dismissal of a complaint that fails to state a claim has been refined in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The Supreme Court examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief".[1]  Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed.R.Civ.P. 8(d).

3

alleged". See id. at 1948.  Iqbal emphasizes that a plaintiff must show that the allegations of the complaint are plausible. See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

**B.   Section 1983 Actions**

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived the plaintiff or caused the plaintiff to be deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   The Complaint Must Be Dismissed.**

To the extent Plaintiff was a convicted and sentenced prisoner at the time of the acts complained of, he is protected by the Eighth Amendment proscription against cruel and unusual punishment; pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment.  See Bell v. Wolfish, 441 U.S. 520, 535, n.16, 545 (1979); City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983); Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005); Natale v. Camden County Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003); Fuentes v. Wagner, 206 F.3d 335, 341 n.9 (3d Cir. 2000); Monmouth County Corr. Inst. Inmates v. Lanzaro,

834 F.2d 326, 346 n.31 (3d Cir. 1987).[2]  But as to medical care and prison conditions, pretrial detainees retain at least those constitutional rights enjoyed by convicted prisoners.  See Bell, 441 U.S. at 545; Hubbard, 399 F.3d at 165-66; Natale, 318 F.3d at 581-82; Kost v. Kozakiewicz, 1 F.3d 176, 187-88 (3d Cir. 1993).

The Eighth Amendment, applicable to the individual states through the Fourteenth Amendment, prohibits the states from inflicting "cruel and unusual punishments" on those convicted of crimes.  See Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981). This proscription against cruel and unusual punishments is violated by the "unnecessary and wanton infliction of pain contrary to contemporary standards of decency".  Helling v. McKinney, 509 U.S. 25, 32 (1993).  The "treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment".  Id. at 31.

To state a claim under the Eighth Amendment, an inmate must allege both an objective and a subjective component.  See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The objective component mandates that "only those deprivations denying 'the minimal civilized measure of life's necessities' ... are sufficiently grave to form the basis of an Eighth Amendment violation".  Helling, 509 U.S. at 32 (quoting Rhodes, 452 U.S. at 346).  This

---

[2] Plaintiff does not allege whether he was a pre-trial detainee or a convicted and sentenced prisoner when he fell.

component requires that the deprivation sustained by a prisoner be sufficiently serious, for only "extreme deprivations" are sufficient to make out an Eighth Amendment claim.  See Hudson v. McMillian, 503 U.S. 1, 9 (1992).

The subjective component requires that the state actor have acted with "deliberate indifference", a state of mind equivalent to a reckless disregard of a known risk of harm.  See Farmer v. Brennan, 511 U.S. 825, 835 (1994); Wilson, 501 U.S. at 303.  A plaintiff may satisfy the objective component of a conditions of confinement claim if he can show that the conditions alleged, either alone or in combination, deprive him of "the minimal civilized measure of life's necessities", such as adequate food, clothing, shelter, sanitation, medical care, and personal safety.  Rhodes, 452 U.S. at 347-48; Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992).  However, while the Eighth Amendment directs that convicted prisoners not be subjected to cruel and unusual punishment, "the Constitution does not mandate comfortable prisons."  Rhodes, 452 U.S. at 349.  An inmate may fulfill the subjective element of such a claim by demonstrating that prison officials knew of such substandard conditions and "acted or failed to act with deliberate indifference to a substantial risk of harm to inmate health or safety".  Ingalls v. Florio, 968 F.Supp. 193, 198 (D.N.J. 1997).

Pre-trial detainees and convicted but unsentenced prisoners retain liberty interests grounded in the Due Process Clause of

the Fourteenth Amendment. See Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005); Fuentes v. Wagner, 206 F.3d 335, 341 (3d Cir. 2000).[3] Analysis of whether such a detainee or unsentenced prisoner has been deprived of liberty without due process is governed by the standards set out in Bell v. Wolfish, 441 U.S. 520 (1979). See Hubbard, 399 F.3d at 157-60, 164-67; Fuentes, 206 F.3d at 341-42.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law....
>
> Not every disability imposed during pretrial detention amounts to "punishment" in the constitutional sense, however. Once the government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention....
>
> A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose. Absent a showing of an expressed intent to punish on the part of detention facility officials, that determination generally will turn on "whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it]." Thus, if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate

---

[3] A liberty interest protected by the Due Process Clause may arise from the Due Process Clause itself or State law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Dep't of Corr., 186 F.3d 407, 409 (3d Cir. 1999).

> goal-if it is arbitrary or purposeless-a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees....

Bell, 441 U.S. at 535-39 (citations omitted).

Whether analyzed under the Eighth Amendment or the Due Process Clause of the Fourteenth Amendment, Plaintiff's claims regarding slippery floors amount to nothing more than allegations of negligence, or possibly gross negligence, which fail to state a claim for a constitutional deprivation.  For example, as has been held previously:

> Slippery floors present neither a substantial risk of serious harm nor a qualitatively intolerable risk.  While the rainwater may have been a "potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment." Reynolds v. Powell, 370 F.3d 1028, 1031-32 (10th Cir. 2004) (holding standing water in shower did not pose substantial risk of serious harm, even though plaintiff was on crutches); see also Bell v. Ward, 88 F. App'x 125, 127 (7th Cir. 2004) (holding that wet floor in common area of cell block, resulting in four-stitch injury to inmate, did not pose substantial risk of serious harm, noting that he and others had previously crossed wet floor without slipping); LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) (holding that shackling inmate during showers was not sufficiently unsafe, noting "slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment"); Santiago v. Guarini, 2004 WL 2137822 at *2 (E.D. Pa. Sept. 20, 2004) (holding toilet and sink leak in cell, causing slip and fall, did not present substantial risk to inmate's safety and were not objectively serious conditions).
>
> The rainwater on [plaintiff's] cell floor also fails to constitute a denial of life's necessities to meet the first prong of a conditions of confinement claim.

> [Plaintiff] does not suggest that the water in his cell rose to any significant level other than that which caused him to slip. "[P]uddles are unpleasant but not unconstitutional." Smith v. Melvin, 1996 WL 467658 at *2 (7th Cir. 1996) (affirming lower court's dismissal of complaint, holding leaky toilet and standing water on cell floor was not extreme deprivation); see also Eley v. Kearney, 2005 WL 1026718 at *5 (D. Del. Apr. 25, 2005) (holding that accumulation of rainwater at top of stairs was not a sufficiently serious deprivation); Jackson v. Taylor, 2008 WL 4471439 at *5 (D. Del. Sept. 26, 2008) (holding excessive humidity in kitchen, causing inmates to routinely slip and fall, was not a sufficiently serious deprivation); ....
>
> "Simply put, '[a]'slip and fall,' without more, does not amount to cruel and unusual punishment .... Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.'" Reynolds, 370 F.3d at 1031 (citation omitted).

Forde v. Fischer, 2009 WL 5174650, *3-*4 (D.N.J. Dec. 16, 2009) (Eighth Amendment); see Daniels v. Williams, 474 U.S. 327 (1986) (claim arising out of fall from pillow left on prison stairs is negligence claim, not actionable under Due Process Clause of Fourteenth Amendment); DeShaney v. Winnebago County Dep't of Soc. Serv., 489 U.S. 189, 202 (1989) ("Due Process Clause of the Fourteenth Amendment, ... as we have said many times, does not transform every tort committed by a state actor into a constitutional violation" (citations omitted)).

Therefore, as these cases demonstrate, Plaintiff's claims regarding his injury resulting from a slip and fall do not rise to the level of a constitutional violation to warrant relief under § 1983.  Accordingly, the complaint will be dismissed.

**CONCLUSION**

The complaint will be dismissed for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2).  The Court will issue an appropriate order and judgment.

                                            s/Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge

Dated:   October 6, 2010